## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>**1718 Connecticut Ave., NW**<br>**Suite 200**<br>**Washington, DC 20009**<br><br>**Plaintiff,**<br><br>**v.**<br><br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>**Washington, DC 20530**<br><br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civ. No. 1:13-cv-01961**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the National Security Division ("NSD") of the U.S. Department of Justice ("DOJ").

2.     This lawsuit challenges the failure of DOJ to disclose documents in response to EPIC's October 3, 2013, Freedom of Information Act request ("EPIC's FOIA Request"). EPIC's FOIA Request sought records regarding the semiannual reports on the use of pen registers and trap and trace devices for surveillance. EPIC has exhausted its administrative remedies. EPIC asks the Court to order immediate disclosure of all responsive records.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B),

and 5 U.S.C. § 552(a)(6)(C)(i) (2012). This Court also has jurisdiction over this action pursuant

to 28 U.S.C. § 1331 (2013). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.      Plaintiff EPIC is a public interest research organization incorporated as a not-for-

profit corporation in Washington, D.C. EPIC conducts oversight of government activities and

policies and analyzes their impact on civil liberties and privacy interests. Among its other

activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also

maintains a popular Internet site, http://epic.org, which contains extensive information on current

privacy issues, including documents obtained from federal agencies under the FOIA. EPIC

routinely and systematically disseminates information to the public through its website and other

media outlets. This Court recognized EPIC's role as a representative of the news media in *EPIC v.*

*Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.      Defendant DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

NSD is a component of the DOJ, headquartered in Washington, D.C.

**FACTS**

6.      The Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801 *et seq.*,

authorizes electronic surveillance of "foreign intelligence information" between "foreign

powers" and "agents of foreign powers."

7.      The purpose of FISA is to allow the U.S. Intelligence Community to participate in

*foreign* – not domestic - intelligence gathering. When the FISA was passed, the Senate noted that

"[t]his legislation is in large measure a response to the revelations that warrantless electronic surveillance in the name of national security has been seriously abused." S. Rep. No. 95-604(I) at 7 (1977), *reprinted in* 1978 U.S.C.A.A.N. 3904, 3908.

8.    Under the Foreign Intelligence Surveillance Act ("FISA"), the government can apply for an order from the Foreign Intelligence Surveillance Court ("FISC") authorizing the use of a Pen Register and/or Trap and Trace "to obtain foreign intelligence information not concerning a United States person or to protect against international terrorism or clandestine intelligence activities."

9.    A Pen Register is a device or process "which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted."

10.    A Trap and Trace is a device or process "which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication."

11.    Pen Registers and/or Trap and Trace may be used for the collection of information about either telephone or Internet activity.

12.    Among other things, the pen register and trap and trace provisions of the FISA were used between 2004 and 2011 to justify the bulk collection of U.S. person Internet metadata.

13.    The FISA requires the Attorney General to make a semiannual report on the use of Pen Registers and Trap and Trace to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the Committees on the Judiciary of the House of Representatives and the Senate. The report must

include the number of applications granted and modified under the FISA, as well as the total

number of installations approved and denied under emergency circumstances.

14.     DOJ has never released these reports to the public.

**EPIC's FOIA Request**

15.     Paragraphs 1-14 above are hereby incorporated by reference as if set forth fully

herein.

16.     On October 3, 2013, EPIC transmitted, via certified mail, a FOIA request to NSD

seeking records regarding the semiannual reports on the use of pen registers and trap and trace

devices for national security purposes ("EPIC's FOIA Request").

17.     EPIC's FOIA Request was delivered on October 7, 2013.

18.     EPIC's FOIA Request asked for three categories of agency records: (1) all reports

made to the Permanent Select Committee on Intelligence in the House of Representatives and the

Select Committee on Intelligence in the Senate, detailing the total number of orders for pen

registers or trap and trace devices granted or denied, and detailing the total number of pen

registers or trap and trace devices installed pursuant to 50 U.S.C. § 1843; (2) all information

provided to the aforementioned committees concerning all uses of pen registers and trap and

trace devices; (3) all records used in preparation of the above materials, including statistical

data."

19.     In EPIC's FOIA Request, EPIC also sought "News Media" fee status as a

"representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

20.     EPIC's FOIA Request further sought waiver of all duplication fees in accordance

with 5 U.S.C. § 552(4)(A), because disclosure of the records requested will contribute

significantly to public understanding of the operations or activities of the government.

21.     EPIC's FOIA Request sought expedited processing because it was made by "a person primarily engaged in disseminating information…" and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2013); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001). Specifically, EPIC noted, "[t]he public has an urgent need to obtain any information regarding the use of surveillance technologies for national security purposes to better understand the scope of authority the government possesses and how this authority is being employed in practice."

22.     EPIC received a letter from Arnetta Mallory, FOIA Coordinator at NSD, dated October 29, 2013. Ms. Mallory acknowledged receipt of EPIC's FOIA Request. The letter assigned EPIC's FOIA Request reference number FOIA/PA14-007.

23.     EPIC received a second letter from Ms. Mallory, dated November 5, 2013 that granted EPIC's request for expedited processing based on "a particular urgency to inform the public about an actual or alleged federal government activity."

24.     NSD's November 5, 2013 letter also granted EPIC's request for a waiver of processing fees.

25.     While an agency is typically required to make a determination with respect to a FOIA request within twenty business days, a request granted expedited processing must be "process[ed] as soon as practicable."

26.     EPIC has received no further communications from NSD or DOJ pertaining to EPIC's FOIA Request.

## EPIC has Exhausted its Administrative Remedies

27.     Paragraphs 1-26 above are hereby incorporated by reference as if set forth fully herein.

28.     It has been 42 business days since EPIC's FOIA Request was received by NSD and 22 business days since NSD granted EPIC's request for expedited processing.

29.     NSD has failed to respond to EPIC's FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

30.     NSD's failure to respond within the statutory limit violates the FOIA.

## Count I
### Violation of FOIA: Failure to Comply With Statutory Deadlines

31.     Paragraphs 1-30 above are hereby incorporated by reference as if set forth fully herein.

32.     As described above, Defendant DOJ's failure to respond to EPIC's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

33.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

34.     EPIC is entitled to injunctive relief compelling the immediate disclosure of the requested agency records.

## Count II
### Violation of FOIA: Unlawful Withholding of Agency Records

35.     Paragraphs 1-34 above are hereby incorporated by reference as if set forth fully herein.

36.     As described above, DOJ has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

37.     As a result of DOJ's unlawful delay, EPIC and the public have been denied access to responsive agency records to which the parties are lawfully entitled under the FOIA, 5 U.S.C. § 552(a)(3)(A).

38.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

39.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.     order Defendant to promptly immediately process responsive agency records;

B.     order Defendant to disclose all responsive agency records in their entirety and make copies available to EPIC

C.     award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2010); and

E.     grant such other relief as the Court may deem just and proper.

Respectfully submitted,

MARC ROTENBERG, D.C. Bar # 422825
EXECUTIVE DIRECTOR
ELECTRONIC PRIVACY INFORMATION CENTER

*/s/ Amie L. Stepanovich*
Amie L. Stepanovich, D.C. Bar # 1011950
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: December 9, 2013