UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil No. 13-cv-1961 (KBJ) |
| DEPARTMENT OF JUSTICE, | ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION AND ORDER DENYING
CROSS MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND
REQUIRING SUPPLEMENTAL SUBMISSIONS**

Before this Court at present are cross-motions for summary judgment that the parties in the instant action, which was brought under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, have filed.  (*See* Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 22; Pl.'s Combined Opp'n to Def.'s Mot. for Summ. J. & Cross-Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 25.)  The motions center on the parties' disagreement about whether or not the Department of Justice ("DOJ" or "Defendant") has properly invoked several FOIA exemptions to withhold certain information in response to a document request that plaintiff Electronic Privacy Information Center ("EPIC") submitted to the agency.  (*See, e.g.*, Mem. of Law in Supp. of Def.'s Mot., ECF No. 22-1, at 10 ("Consistent with FOIA's exemptions, [DOJ] has withheld classified information, information specifically protected by statute, and information that would reveal sensitive law enforcement techniques, procedures, and guidelines."); Mem. of Law in Supp. of Pl.'s Mot., ECF No. 25-1, at 6 ("[DOJ] has not satisfied its

statutory obligation to disclose records responsive to EPIC's request or established that they are exempt from disclosure.").[1] During the recent hearing that this Court held on these motions, it became abundantly clear that the exemption issues have narrowed substantially since EPIC first filed its complaint in this matter, and, indeed, so much so that the declarations that DOJ has submitted fail to establish with sufficient specificity the government's reasons for asserting that the particular, limited number of documents that remain at issue have been properly withheld or properly redacted.

As a result, and for the reasons explained below, both parties' cross-motions will be **DENIED WITHOUT PREJUDICE**, and DOJ will be ordered to file one or more supplemental declarations and an updated *Vaughn* Index that is tailored to the challenged withholdings in the particular documents currently in dispute. This Court will also require the government to submit unredacted versions of all of the documents that remain at issue in order to facilitate the Court's *in camera* review of the materials.

## I.     BACKGROUND

In early October of 2013, EPIC submitted a FOIA request to DOJ, seeking records regarding a now-expired national security program that involved the United States government's surreptitious use of certain devices to collect communications information. (Compl., ECF No. 1, ¶ 2.) DOJ did not respond to EPIC's FOIA request within the statutory timeframe, and on December 9, 2013, EPIC filed the instant lawsuit, along with a motion for a preliminary injunction seeking a court order that required DOJ to provide responsive documents within 20 days. (*Id.*; Pl.'s Mot. for a

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

2

Prelim. Inj., ECF No. 3, at 1.)  This Court denied EPIC's motion for a preliminary injunction on February 11, 2014; at the same time, the Court also required the parties to file periodic status reports regarding the status of the government's review and production of documents, in order to ensure that DOJ was exercising due diligence in processing EPIC's request.  (Order, ECF No. 14; Mem. Op., ECF No. 15.)

DOJ substantially completed processing responsive documents by late summer of 2014, and, thereafter, the parties proposed a schedule for the government's submission of a *Vaughn* Index and the parties' cross-motions for summary judgment.  (*See* Joint Status Rpt., ECF No. 20.)  This Court adopted the parties' proposed briefing schedule on August 18, 2014.  (*See* Minute Order of Aug. 18, 2014.)  Then, on October 31, 2014, DOJ filed a motion for summary judgment, a statement of material facts as to which there is no genuine dispute, and four supporting declarations.[2]  Attached to one of the declarations was a *Vaughn* Index that contained 92 entries.  (*See* Ex. A to 2d Decl. of Mark. A. Bradley ("*Vaughn* Index"), ECF No. 22-3, at 8–24).[3]

EPIC filed a combined opposition and cross-motion for summary judgment on November 21, 2014 (*see* Pl.'s Mot.), and in that filing, it conceded (albeit implicitly) that some of the documents listed in the government's *Vaughn* Index had been properly

---

[2] The declarations—one of which included classified information and was submitted in both its redacted (unclassified) and original forms—are as follows: (1) the "Second Declaration of Mark A. Bradley" (Ex. I to Def.'s Mot., ECF No. 22-3 ("2d Bradley Decl.")); (2) the "Classified Declaration of David M. Hardy" (*see* Notice Regarding Submission of Classified Decl. of David M. Hardy, Ex. II to Def.'s Mot., ECF No. 22-4; *see also* the "Unclassified Declaration of David M. Hardy" (Ex. III to Def.'s Mot., ECF No. 23-1); (3) the "Declaration of David J. Sherman" (Ex. IV to Def.'s Mot., ECF No. 22-6); and (4) the "Declaration of Martha M. Lutz" (Ex. V to Def.'s Mot., ECF No. 22-7).  Notably, DOJ had filed the "first" declaration of Mark Bradley as part of its opposition to the EPIC's motion for a preliminary injunction.  (*See* Decl. of Mark A. Bradley, Ex. 1 to Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for a Prelim. Inj., ECF No. 9-1.)

[3] The *Vaughn* Index apparently originally contained 139 entries; DOJ has represented that it removed certain items from the index before filing it with this Court.  (*See Vaughn* Index at 1 n.1.)

withheld.  (*See* Mem. of Law in Supp. of Pl.'s Mot., ECF No. 25-1, at 6 (failing to address any of the withholdings based on FOIA Exemption 3, and stating that EPIC "*now* challenges [DOJ's] withholding of certain portions of [Congressional oversight] reports under Exemptions 1 and 7(E), as well as [DOJ's] failure to release reasonably segregable portions of a legal brief and associated case summaries that were submitted to the Foreign Intelligence Surveillance Court" (emphasis added)).)  DOJ subsequently made a concession of its own:  in response to the arguments in EPIC's cross motion, DOJ admitted that it had mistakenly withheld certain information that should have been released, and subsequently released that information to EPIC.  (*See* Mem. in Opp'n to Pl.'s Cross-Mot. for Summ. J. & Reply in Further Support of Def.'s Mot. for Summ. J. ("Def.'s Reply"), ECF No. 27, at 8.)

In its brief in opposition to EPIC's cross-motion for summary judgment, DOJ further attempted to clarify the remaining issues, by declaring that EPIC had "conceded the bulk of the Motion for Summary Judgment filed by defendant," and now appeared only to be contesting "the withholding in full of one document by the FBI, and the partial withholding of 25 semiannual reports to Congress by the Department's National Security Division[.]"  (*Id.* at 7.)  The fully-withheld document that was seemingly still in dispute appeared as entry 68 on the *Vaughn* Index (hereinafter dubbed "Document 68"), and the government described this document as "a government 'response to orders [of the Foreign Intelligence Surveillance Court ("FISC")] for additional briefing in reference to a [government] request for' two combined Pen Register/Trap and Trace and Business Records ('PR/BR') Orders" (*id.* at 9 (citation omitted)), including attachments that consisted of "material printed from Westlaw" (*id.* at 10; *see also Vaughn* Index at

17).  DOJ also reiterated its understanding that EPIC was persisting in its challenge to the redactions that had been made with respect to 25 semiannual reports to Congress by DOJ's National Security Division, which had been partially released and appear as entries 115–139 on the *Vaughn* Index ("Documents 115–139").  (*Vaughn* Index at 18–24.)

DOJ submitted two additional declarations along with its opposition to EPIC's cross motion for summary judgment:  a third declaration from Mark A. Bradley explaining in further detail why DOJ redacted certain portions of Documents 115–139 (3d Decl. of Mark Bradley, Ex. I to Def.'s Reply ("3d Bradley Decl."), ECF No. 27-2–27-5), and a classified declaration from David M. Hardy that addressed DOJ's reasons for withholding Document 68 in its entirety and also provided further information regarding DOJ's decision to redact portions of Documents 115–139 (*see* Notice Regarding Classified 3d Decl. of David M. Hardy, Ex. II to Def.'s Reply, ECF No. 27-6).  Significantly for present purposes, EPIC responded in its reply brief in support of its cross-motion for summary judgment that it no longer sought disclosure of Document 68 *in its entirety*; rather, it was now challenging only the government's withholding of the Westlaw printouts that were attached to the FISC brief.  (*See* Pl.'s Reply in Supp. of the Cross-Mot. for Summ. J. ("Pl.'s Reply"), ECF No. 30, at 7 ("The NSD's argument that the release of Westlaw printouts 'could be reasonably expected to cause serious harm to national security,' Def.'s Opp'n at 4, is simply not plausible.").)

This Court held a hearing on the cross-motions for summary judgment on January 21, 2016, during which it sought clarification from the parties regarding precisely which of the original 92 documents listed on the *Vaughn* Index remain at

issue. Based on counsel's representations at that hearing, this Court understands that EPIC is currently contesting the government's withholding of (1) the four Westlaw case printouts attached to Document 68, and (2) those portions of the 25 semiannual reports to Congress (Documents 115–139) that consist of summaries of FISC legal opinions, descriptions of the scope of the FISC's jurisdiction, and discussions of FISA process improvements (collectively, the "Remaining Challenged Withholdings").

## II.   DISCUSSION

The universe of documents at issue in this FOIA action has shrunk dramatically since DOJ first drafted its *Vaughn* Index and submitted declarations in support of its motion for summary judgment. To their credit, both parties have pivoted in response to various developments, but due to the many concessions (both implicit and explicit) that the parties have made, the arguments in this matter have been nothing short of a continuously moving target, and indeed, it was not until this Court's recent hearing on the ripe cross motions for summary judgment that clarity arrived with respect to precisely which withholdings are still in EPIC's crosshairs. As explained above, EPIC now asserts that it seeks to advance its FOIA action only with respect to two categories of information that the government has withheld: the Westlaw printout-portion of Document 68, which DOJ appears to have withheld (along with the brief to which the printouts were attached) pursuant to FOIA Exemptions 1, 3, and 7(E); and the redacted sections of the 25 semiannual reports to Congress in which the NSD summarizes FISC legal opinions, describes the scope of the FISC's jurisdiction, or discusses FISA process improvements, which the government appears to have withheld pursuant to FOIA Exemptions 1 and 7(E).

This Court undertook to review this matter with this newly circumscribed set of issues in mind—and it quickly realized that the declarations that DOJ has submitted in support of its motion for summary judgment do not address these withholdings *in particular*; rather, the declarants speak broadly to the dangers of releasing the classified and otherwise sensitive information of which these particular withholdings are a part, *i.e.*, information that EPIC has already conceded may properly be withheld. Thus, to this limited extent, EPIC is correct to contend that the declarations that DOJ has filed lack the specificity necessary for this Court to evaluate whether DOJ has released all reasonably segregable portions of non-responsive documents and is acting properly to withhold the specific information EPIC now challenges. (*See, e.g.*, Pl.'s Reply at 6–7, 15.) Put another way, the current sworn statements are too general in scope, and because the declarations fail to home in on the specific withholdings now at issue, they are manifestly inadequate to assist the Court in determining whether the declarants have made a reasonable assessment that the particular withholdings that are now being challenged, "when combined with other information that is available to the public[,] can be expected to reveal (directly or by implication) classified national security information concerning the timing or nature of intelligence activities." (3d Bradley Decl. ¶ 9; *see also* Unclassified 3d Decl. of David M. Hardy, Ex. III to Def.'s Reply, ECF No. 27-7, ¶ 55 (asserting, generally, that "[e]ven though some information, if examined in isolation, would appear benign or not sensitive, when read in conjunction with other responsive documents, it reveals sensitive information about FBI techniques and procedures used in national security investigations.").)

Consequently, this Court concludes that supplemental filings are in order. Specifically, in order for this Court to evaluate whether DOJ has complied with its FOIA obligation to produce all reasonably segregable information, DOJ must submit one or more declarations that set forth the government's reasons for withholding the Westlaw printouts attached to Document 68 *apart from* the FISC brief, and the government must also provide Document 68 to the Court in its entirety for *in camera* review. Similarly, because it is difficult to glean from the Hardy and Bradley declarations precisely what information DOJ is actually withholding from Documents 115–139, much less ascertain the government's reasons for withholding summaries of legal opinions and statements related to the FISA court's jurisdiction and processes, this Court finds that it needs (1) a supplemental *Vaughn* Index that identifies which of the redactions relate to the "significant legal interpretations by the FISC, its jurisdiction, or its procedures" (3d Bradley Decl. ¶ 8), and (2) one or more declarations tailored to the government's reasons for making those redactions. *See Beltranena v. Clinton*, 770 F. Supp. 2d 175, 185–86 (D.D.C. 2011) (holding that the government must specify for each withholding why material is not segregable, and it cannot rely on a blanket explanation). The Court will also require the submission of unredacted copies of the semiannual reports, which, when reviewed *in camera* in combination with the supplemental declaration(s), will permit this Court to determine whether there is any reasonably segregable information that DOJ must still produce. *See Mead Data Ctr., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("[N]on-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."); *see also, e.g., Gosen v. U.S. Citizenship & Immigration Servs.*, No.

13cv1091, 2015 WL 4576578, at *8–9 (D.D.C. July 30, 2015) (holding that the agency was required to reassess its segregability findings, where *in camera* review revealed that the agency had withheld factual information and public material as non-segregable).[4]

Accordingly, it is hereby

**ORDERED** that DOJ's [22] Motion for Summary Judgment and EPIC's [25] Cross-Motion for Summary Judgment, which, at this point, are not sufficiently tailored to a discussion of the Remaining Challenged Withholdings, are **DENIED WITHOUT PREJUDICE**.  It is

**FURTHER ORDERED** that DOJ has until **March 11, 2016**, to submit (1) a revised *Vaughn* Index that is limited to the Remaining Challenged Withholdings and that specifies any and all FOIA exemptions that DOJ asserts for each partial or complete withholding, and (2) one or more declarations that explain with specificity the grounds for each partial or complete withholding that appears in the revised *Vaughn* Index, as well as the reasons why any non-exempt material that DOJ is withholding cannot reasonably be segregated from exempt material.  In addition, on or before **March 11, 2016**, DOJ shall also lodge with the Classified Information Security Office

---

[4] The government's current *ipse dixit* that it is not able to segregate any of the nonexempt legal analyses in the semiannual reports from exempt information, *see* 3d Bradley Decl. ¶ 9, without more, is manifestly insufficient to satisfy the government's obligation to demonstrate that this is so.  Moreover, in light of the fact that classified information appears to have been successfully segregated from legal analysis in a similar context—*see In Re Sealed Case* (FISA Ct. July 14, 2004), *available at* http://www.dni.gov/files/documents/1118/CLEANEDPRTT%201.pdf (a redacted and publicly released version of Judge Kollar-Kotelly's FISC opinion regarding a government application to collect internet metadata under the pen register and trap and trace provisions of the Foreign Intelligence Surveillance Act)—makes it all the more imperative that DOJ describe with specificity its inability to segregate the material at issue here.

for *ex parte* submission to and *in camera* review by the Court unreadacted copies of the Documents 68 and Documents 115–139 in their entirety.  It is

**FURTHER ORDERED** that renewed motions for summary judgment with respect to the Remaining Challenged Withholdings shall be filed on or before **April 8, 2016**; the briefs in opposition to such motions for summary judgment shall be filed on or before **May 6, 2016**; and reply briefs shall be filed on or before **May 27, 2016**.

DATE:  February 4, 2016                                  *Ketanji Brown Jackson*
                                                                                   KETANJI BROWN JACKSON
                                                                                   United States District Judge