## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| ELECTRONIC PRIVACY ) | |
|     INFORMATION CENTER ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:13-cv-01961-KBJ |
| ) | |
| UNITED STATES ) | |
|     DEPARTMENT OF JUSTICE ) | |
| ) | |
|       Defendant. ) | |
| _____ ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 7(h) and Rule 5(d) of this Court's Standing Order,

Plaintiff Electronic Privacy Information Center ("EPIC") hereby submits the following

response to Defendant Department of Justice's ("DOJ") statement of material facts.

1.    The DOJ states "By letter dated October 3, 2013, and received on October

18, plaintiff submitted a FOIA request to the Department of Justice, National Security

Division ("NSD")." Def.'s Statement of Material Facts ¶ 1 (ECF No. 36-2).

EPIC agrees that this matter is not in dispute.

2.    The DOJ states that:

Plaintiff's FOIA request letter stated:

EPIC seeks all records related to the Attorney General's required
semiannual reports between 2001 and the present under 50 U.S.C. §
1846.
1. All reports made to the Permanent Select Committee on
   Intelligence in the House of Representatives and the Select
   Committee on Intelligence in the Senate, detailing the total
   number of orders for pen registers or trap and trace devices

granted or denied, and detailing the total number of pen registers or trap and trace devices installed pursuant to 50 U.S.C. § 1843.

2. All information provided to the aforementioned committees concerning all uses of pen registers and trap and trace devices.

3. All records used in preparation of the above materials, including statistical data.

*Id.* ¶ 2.

EPIC agrees that this matter is not in dispute.

3. The DOJ states "By letter dated October 29, 2013, NSD acknowledged receipt of the request." *Id.* ¶ 3.

EPIC agrees that this matter is not in dispute.

4. The DOJ states "By a subsequent letter dated November 5, 2013, NSD granted plaintiff's requests for expedited processing and waiver of processing fees." *Id.* ¶ 4.

EPIC agrees that this matter is not in dispute.

5. The DOJ states "In 2013, the Government declassified the existence of now-discontinued, FISC-authorized bulk collection of Internet metadata pursuant to the FISA PR/TT provisions." *Id.* ¶ 5.

EPIC agrees that this matter is not in dispute.

6. The DOJ states "As the Director of National Intelligence has stated, the Government at one time acquired bulk Internet metadata under orders issued by the FISC pursuant to FISA's pen register/trap-and-trace provision." *Id.* ¶ 6.

EPIC agrees that this matter is not in dispute.

7. The DOJ states "The data authorized for collection included certain dialing, routing, addressing, and signaling information such as 'to' and 'from' lines in an

e-mail, and the date and time an e-mail was sent, but not the content of an e-mail or the 'subject' line." *Id.* ¶ 7.

EPIC agrees that this matter is not in dispute.

8.     The DOJ states "This program of bulk Internet metadata collection was terminated in 2011." *Id.* ¶ 8.

EPIC agrees that this matter is not in dispute.

9.     The DOJ states:

> The parties agreed to further narrow the scope of issues in dispute. As described in the Court's February 4, 2016 Order, *see EPIC v. U.S. Dep't of Justice*, Civil No. 13-01961, 2016 WL 447426 (D.D.C. Feb. 4, 2016), the only exemptions asserted which remain in dispute are "(1) the four Westlaw case printouts attached to Document 68, and (2) those portions of the 25 semiannual reports to Congress (Documents 115-139) that consist of summaries of FISC legal opinions, descriptions of the scope of the FISC's jurisdiction, and discussions of FISA process improvements (collectively, the 'Remaining Challenged Withholdings')."

*Id.* ¶ 9.

EPIC agrees that this matter is not in dispute but submits that the DOJ also previously "agreed to review what has previously been identified as out of scope." Second Decl. of Mark A. Bradley at 6 (ECF No. 22-3).

10.     The DOJ states "NSD searched for records responsive to plaintiff's FOIA request in NSD's Office of Intelligence, Oversight Section." *Id.* ¶ 9.

EPIC agrees that this matter is not in dispute.

11.     The DOJ states "Because of the Oversight Section's unique role as the NSD component in charge of preparing and submitting these productions to Congress, any NSD records responsive to the request would be found in that section." *Id.* ¶ 11.

EPIC agrees that this matter is not in dispute.

12.     The DOJ states "The Oversight Section maintains a working file for each semiannual report and Congressional production." *Id.* ¶ 12.

EPIC agrees that this matter is not in dispute.

13.     The DOJ states "Those working files contain, among other records, tracking reports used to compile the statistical information for the semiannual reports." *Id.* ¶ 13.

EPIC agrees that this matter is not in dispute.

14.     The DOJ states:

As part of the search for records responsive to plaintiff's FOIA request, an Oversight Section staff member went through each of the working folders for the reports and productions submitted during the time span of the request, and he provided NSD FOIA with all records related to PR/TT devices, including any information provided to the House and Senate Intelligence Committees concerning those devices and any records used in preparation of those materials.

*Id.* ¶ 14.

EPIC agrees that this matter is not in dispute.

15.     The DOJ states "The Government has withheld classified information from the remaining challenged withholdings concerning significant legal interpretations of the FISC on behalf of the NSA and pursuant to FOIA Exemption 1." *Id.* ¶ 15.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that Mr. Sherman's second declaration (ECF No. 35-2) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent the statement contains any material facts, EPIC disputes them.

16.     The DOJ states "David J. Sherman is an original classification authority."

*Id.* ¶ 16.

EPIC agrees that this fact is not in dispute.

17.    The DOJ states:

Release of the withheld information concerning significant legal interpretations of the FISC and PR/TT contained within the semiannual reports to Congress ("SARs") could be reasonably expected to cause exceptionally grave damage to national security and it is properly classified TOP SECRET. The justification for its withholding pursuant to Exemption 1 is contained in the Second Sherman Declaration.

*Id.* ¶ 17.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that Mr. Sherman's second declaration (ECF No. 35-2) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent the statement contains any material facts, EPIC disputes them.

18.    The DOJ states "The Government has withheld classified information on behalf of the FBI and pursuant to FOIA Exemption 1." *Id.* ¶ 18.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that the fourth declaration submitted by Mr. David M. Hardy on behalf of the FBI (ECF No. 35-1) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent this statement contains any material facts, EPIC disputes them.

19.    The DOJ states "David M. Hardy is an original classification authority." *Id.* ¶ 19.

EPIC agrees that this fact is not in dispute.

20.    The DOJ states "Defendant withheld information describing specific FBI

intelligence activities or methods that are still used by the FBI today in gathering intelligence information." *Id.* ¶ 20.

EPIC disputes this fact because it is not supported by the record and the fourth declaration submitted by Mr. David M. Hardy on behalf of the FBI (ECF No. 35-1) is not sufficiently detailed to satisfy the agency's burden of proof in this case.

21.   The DOJ states:

> Mr. Hardy has determined that the release of the withheld information from the SARs and Westlaw printouts attached to Document 68, which concern significant legal interpretations by the FISC, holdings of the FISC, discussions of the scope of the FISC's jurisdiction, and specific classified surveillance techniques, could be reasonably expected to cause serious and/or exceptionally grave damage to the national security, and accordingly has been classified at the SECRET and TOP SECRET levels. The justification for its withholding pursuant to Exemption 1 is contained in the Fourth Hardy Declaration.

*Id.* ¶ 21.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that the fourth declaration submitted by Mr. David M. Hardy on behalf of the FBI (ECF No. 35-1) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent this statement contains any material facts, EPIC disputes them.

22.   The DOJ states "The information redacted on behalf of the NSA from documents responsive to plaintiff's FOIA request relate to a function (signals intelligence) and the activities of the NSA." *Id.* ¶ 22.

EPIC disputes this fact because it is not supported by the record and Mr. Sherman's second declaration is not sufficiently detailed to satisfy the agency's burden of proof in this case.

23.     The DOJ states "Pursuant to Exemption 3, the NSA invokes Section 6 of the National Security Act of 1959 as justification to withhold information concerning its activities. The justification is contained within the Sherman Declaration." *Id.* ¶ 23.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that Mr. Sherman's second declaration (ECF No. 35-2) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent the statement contains any material facts, EPIC disputes them.

24.     The DOJ states "Pursuant to Exemption 3, the NSA and FBI invoke Section 102A(i)(1) of the National Security Act of 1947, as amended, as justification to withhold information pertaining to intelligence sources and methods. The justification is contained within the Sherman and Hardy Declarations." *Id.* ¶ 24.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that the Sherman and Hardy declarations are insufficient to carry the DOJ's burden of proof; to the extent this statement contains material facts, EPIC disputes them.

25.     The DOJ states "Pursuant to Exemption 3, the NSA invokes 18 U.S.C. § 798 as justification for withholding communications intelligence activities of the United States. The justification is contained within the Second Sherman Declaration." *Id.* ¶ 25.

EPIC submits that the matter set forth in ¶ 25 is not a "material fact" and that the Sherman declaration is insufficient to carry the DOJ's burden of proof; to the extent this is a material fact, EPIC disputes it.

26.     The DOJ states "Pursuant to Exemption 7(E), the FBI has withheld

information concerning techniques and procedures utilized by the FBI in conducting national security investigations. The justification is contained within the Fourth Hardy Declaration." *Id.* ¶ 26.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that the fourth declaration submitted by Mr. David M. Hardy on behalf of the FBI (ECF No. 35-1) is not sufficiently detailed to satisfy the agency's burden of proof in this case; to the extent this statement contains any material facts, EPIC disputes them.

27.     The DOJ states "Mr. Sherman and Mr. Hardy have attested that the Government has reviewed the withheld material and disclosed all non-exempt information that reasonably could be disclosed." *Id.* ¶ 27.

EPIC submits that the matters set forth in ¶ 15 are not "material facts" but rather are the core legal issues in dispute in this case. EPIC offers that the Sherman and Hardy declarations are insufficient to carry the DOJ's burden of proof; to the extent this statement contains material facts, EPIC disputes them.

EPIC also incorporates, by reference, the prior statement of material facts made in support of EPIC's Renewed Motion for Summary Judgment (ECF No. 37-2).

Dated: May 6, 2016

Respectfully submitted,

MARC ROTENBERG
EPIC President

/s/ Alan Jay Butler
ALAN JAY BUTLER
Senior Counsel
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

*Counsel for Plaintiff*